JAQUES and others *against* THE METHODIST EPISCO-
PAL CHURCH and others.

Where numerous exceptions were taken to a master's report, and the facts
multiplied, and the defendant applied for an order on the master to fur-
nish *certified copies of the minutes and testimony* taken in the case before
a former master, since deceased, and before himself, as the same were
in his possession, and of *all notes and memorandums* made upon the tes-
timony by the masters, and all the *vouchers* produced in evidence before
them, relative to the matters of charge and discharge in taking the ac-
count; the Court, on account of the difficulty of specifying the partic-
ular parts of the testimony wanted, granted the motion; with the con-
dition that the *expense* of returning such parts of the testimony as
should not be found necessary to support the exceptions, should, in any
event, be paid by the defendant.

MOTION on the part of the defendant, for an order that *September* 8th.
the master (*Francis Arden*) furnish *certified copies of the
minutes of testimony* taken in this cause before the late master,
(*F. Ball*,) and before himself, as the same are now in his
possession; and *all notes and memorandums made upon the
said testimony by them,* and also *the several vouchers* pro-
duced and offered in evidence before him, in relation to the
several matters of charge and discharge, on the taking of the
said accounts.

The following *documents* were read on the motion:

1. The *certificate of F. Arden,* the master, that he had
in his possession the *written minutes or entries* made by the
late master, *F. Ball,* containing the testimony of all the
witnesses examined before him, and also *the written \*minutes*   [ \* 544 ]
*or entries* of the testimony of all the witnesses examined be-
fore himself.

2. The *petition of the defendant, John D. Jaques,* stating,
that by an order of the 27th of *June,* 1815, certain accounts
were directed to be taken between the plaintiffs and him.
That *F. Ball,* a master, under that order, took the testimony
of divers witnesses, and minutes thereof, and decided upon
most of the charges made by the plaintiffs against the de-
fendant, and of the discharges offered by the defendant re-
lating to the same accounts, and made *memoranda* of his de-
cisions, but died before completing the accounts, and making
his report. That it was then referred to another master to
complete the said account, and report thereon, and he was
ordered to adopt the decisions of the former master, relative
to the several items of charges and discharges, so far as he
could ascertain the same from the papers left by the former

master, without any re-examination of the witnesses or documents; and that the testimony taken as to any item undecided, should be so far received, with liberty to take further testimony relative thereto; and that the executors of *F. B.* should deliver to the succeeding master, all books, papers, accounts, &c. with the minutes, &c. in relation to the matters and accounts so before him. That the executors executed the said order. That *F. B.* had made very full and careful minutes of all the testimony taken before him, and which passed into the hands of his successor. That *F. A.* adopted the decisions of *F. B.* relative to the several items of charges and discharges, as far as he could ascertain the same without re-examining the witnesses or documents relative thereto. That he also used his testimony as far as it was taken relative to undecided items. That the additional testimony taken by *F. A.* was carefully reduced to writing. That *F. A.* filed his report on the 10th of *April* last, to which the defendant has duly filed divers exceptions. That to understand the force and justness of the exceptions, it is necessary *to have the said testimony and vouchers. That most of the exceptions were taken in the belief that the masters reported contrary to evidence, or to the weight of evidence, and in some cases without sufficient evidence. That though some of the same testimony, may not be relevant to the matters excepted to, yet the amount of such portion of it is comparatively small, and its production will not materially increase the expense, and he thought it would not be right in him to designate any part of the testimony, or vouchers, as proper to be suppressed. That he considered the testimony of fifty-one witnesses (whom he named) to be of primary importance for the due consideration of the exceptions, &c. The petition was supported by the affidavit of the petitioner.

3. The master's report; and,

4. The exceptions thereto, being eighteen in number.

*Emmet*, for the motion. He asked for all the evidence, from the extreme difficulty of discrimination.

*Riggs*, contra, objected, on the ground that the order ought not to be, generally, for all the evidence taken, but that it ought to specify the testimony requisite to support each particular exception. That, otherwise, much useless matter might be produced, and much useless expense created.

THE CHANCELLOR. From the multiplicity of facts to which the exceptions relate, I perceive at once the difficulty

of specifying the particular parts of the testimony wanted. **1817.** Such a specification would lead to great detail, and probably to some confusion. Applications of this kind cannot be reduced to any precise rule, and there must be a discretion to be exercised. Here the testimony is all carefully reduced to writing, and a great part of it, and probably all the material part, is wanted. It will, therefore, be *the most advisable course to let all the testimony come up; but the defendant should pay for the expense of that part which shall not be found to be necessary; and he should bear that expense whether he eventually succeeds or not, with his exceptions. This course will prevent all abuse in such general applications. The motion is, accordingly, granted, with this proviso, that the expense of returning such parts of the testimony as shall not be found necessary in support of the exceptions, or any of them, shall, in every event, be borne by the defendant.